UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JO ANDERSON                                                                                      PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:14-CV-51-DJH

STANDARD INSURANCE COMPANY                                                      DEFENDANT

### AMENDED MEMORANDUM OPINION

This matter comes before the Magistrate Judge by order of the District Court to consider certain nondispositive motions filed by the parties in this action involving a claim for payment of employment-related disability benefits. Plaintiff, Jo Anderson, is a former art teacher and employee of the Jefferson County Public Schools (JCPS) who seeks to obtain payment of disability benefits under a group disability insurance policy issued by the Defendant, Standard Insurance Company (Standard), to JCPS. Anderson alleges that she became disabled in October of 2012, and that Standard thereafter wrongfully refused to pay her claim for disability income benefits.

Anderson filed suit in state court against Standard seeking to recover on claims for breach of contract, breach of the duty of good faith and fair dealing, Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230, the Kentucky Consumer Protection Act, KRS 367.170, violation of Kentucky's medical licensing statutes, unjust enrichment and punitive damages.[1] Standard removed Anderson's lawsuit to federal court where she unsuccessfully attempted to have it remanded to the state courts.[2] Anderson then filed an amended complaint that removed her claim for a violation of the Kentucky medical licensing statutes.[3] The District Court entered a memorandum opinion and order that dismissed count C of the amended

---

[1] DN 1, Notice of Removal, Ex. B.
[2] DN 19, Memo. and Opin. denying motion to remand.
[3] DN 25, Amend. Comp.

complaint, the Unfair Claims Settlement Practices Act count, without prejudice. In doing so, the District Court concluded that no claim for bad faith was established by Standard's use of its own unlicensed medical professionals to evaluate Anderson's application for disability insurance benefits.[4]

The parties then proceeded to file a series of motions that we shall now proceed to consider in the present opinion. These motions raise issues that are identical to a series of motions the Magistrate Judge recently considered in a separate lawsuit for disability insurance benefits brought against Standard by Anderson's current counsel in a pending action styled *Linda Graves v. Standard Insurance Co.*, Civil Action No. 3:14-CV-558-DJH. Because many of the arguments and motions in the present suit have been previously considered in depth by the Magistrate Judge in the *Graves* lawsuit, the Court shall incorporate much of the reasoning and language relied on in *Graves* as support for its rulings in the current case.

I.

The first matter that the Court takes up is Standard's motion for an order to obtain the records of the Kentucky Retirement System (KRS).[5] Standard has issued a third-party subpoena to KRS to obtain information concerning monthly benefits, if any, received by Anderson. Such benefits under the terms of the group insurance policy issued by Standard are required to be offset against the amount of any monthly disability benefits paid or payable. KRS has objected to the production of the requested documents absent the entry of a court order. Standard now

---

[4] DN 32, Memo. Opin. pp. 5-6.
[5] DN 40.

maintains that the KRS records are relevant to the amount of Anderson's claimed damages. Anderson has not filed a response to the motion.[6]

The Magistrate Judge addressed the substance of an identical motion in the memorandum opinion entered in *Graves*. The reasoning of the *Graves* opinion applies with full force in the present case. The only question before the Court is whether the records sought from KRS by Standard are relevant within the scope of Rule 26(b)(1). No claim of privilege has been raised. As explained in the *Graves* memorandum opinion, the records that Standard seeks are obviously important to Anderson's alleged damages given the terms of the group disability insurance policy at issue. Standard may have a potential offset based on any KRS benefits paid to Anderson. Anderson does not argue otherwise, and in fact, has not responded to the motion to obtain records.

Accordingly, for the reasons set forth in the memorandum opinion previously entered in *Graves*, the motion to obtain records from the KRS is **GRANTED** in its entirety. A separate order to this effect shall be entered by the Court.

II.

The second matter that the Court addresses is the motion of Anderson for leave to file a second amended complaint.[7] Similar to *Graves*, Anderson now seeks to add a non-diverse defendant party, the JCPS. In her proposed second amended complaint she brings claims against JCPS for breach of contract, misrepresentation, and violation of Kentucky's wage and hour statutes, KRS Chapter 337 *et seq*.[8] Anderson supports her motion for leave to amend with the same arguments raised by the plaintiff in *Graves* - - that the liberal policy of Rule 15(a)(2),

---

[6] DN 40.
[7] DN 39.
[8] DN 39, Ex.

3

combined with the principle that cases should be tried on their merits, together dictate that she be granted leave to amend so Anderson reasons.

Standard has filed an opposition to the motion in which it raises arguments identical to those it raised in opposition to Graves' motion for leave to file an amended complaint to add the JCPS in that case. Standard insists that Anderson is following in the footsteps of Graves. It accuses Anderson of a transparent attempt to divest the Court of its jurisdiction by the joinder of a non-diverse defendant. As before, it argues that the factors of 28 U.S.C. §1447(e) weigh strongly against such a joinder. Standard also argues that Anderson's motion is untimely, that it raises unrelated claims against JCPS that are better pursued separately, and that to grant the motion will deny Standard its substantial interest in litigating in federal court.

All of these arguments, as noted, were raised and considered by the Magistrate Judge in the prior memorandum opinion entered in *Graves*. The Court's opinion of the matter has not changed in the interim. Accordingly, section III of the *Graves* memorandum opinion expresses the current views of the Magistrate Judge on the parties' arguments for and against the request of Anderson for leave to file a second amended complaint. *See, Graves v. Standard Insurance Co.*, Civil Action No. 3:14-CV-558-DJH.

The language of 28 U.S.C. §1447(e) as before sets the appropriate standard to be considered. *Lawson v. Lowe's Home Ctrs, LLC*, No. 5:13-374-KKC, 2015 WL 65117 at *3 (E.D. Ky. Jan. 5, 2015)("Congress enacted Section 1447(e) to address this specific type of proposed amendment … an amendment to join additional defendants whose joinder would destroy subject matter jurisdiction."). Analysis under §1447(e) "is necessary to prevent amendments motivated simply by the plaintiff's desire to return to state court, as opposed to a

4

desire to add a party whose presence is needed to secure a complete relief." *Barnett v. MV Transportation, Inc.*, No. 3:14-CV-250-TBR, 2014 WL 1831151 at *2 (W.D. Ky. May 8, 2014).

Under the provisions of §1447(e) we determine if joinder would be fair and equitable by considering whether: (1) the purpose of the proposed amendment is to defeat federal jurisdiction; (2) the plaintiff has been dilatory in filing the amendment; (3) the plaintiff will be significantly prejudiced if the amendment is not allowed; and (4) any other equitable factors. *Davis v. Owners Ins. Co.*, 29 F.Supp.3d 938, 942-43 (E.D.Ky. 2014); *Allen v. Outback Steakhouse of FL, LLC*, No. 3:14-CV-00211-CRS, 2014 WL 2766109 at *1 (W.D.Ky. June 18, 2014). The same considerations which caused the Court to deny the motion for leave to amend in *Graves* apply with equal force now.

The Court concludes that the driving purpose of the proposed amendment offered by Anderson is simply an effort to defeat federal jurisdiction. The timing of Anderson's motion is no less problematic. Anderson should have been well aware of any potential claims against the JCPS well prior to when she filed the present lawsuit. She nevertheless made no effort to bring the JCPS on board until after the District Court, just as in *Graves*, denied her prior motion to remand on March 5, 2014, nearly a year prior to when Anderson filed her current motion on Feb. 3, 2015.

The same cases cited by the Magistrate Judge at p. 11 of the memorandum opinion entered in *Graves* apply for the same reasons here. The *Anzures*, *G&C Land* and *A&D Factory* cases all considered far more limited delays of between one and four months yet nevertheless held the moving party in each case to be dilatory in its efforts to obtain amendment. Anderson likewise has been dilatory in her own efforts in this respect.

No unfair prejudice will be visited upon Anderson if we deny the joinder of the JCPS in the present lawsuit. She remains able to obtain full recovery from Standard without the presence of JCPS in the current lawsuit. *Lawson*, 2015 WL 65117 at *4 ("[A] plaintiff is not substantially prejudiced when it could obtain complete relief without joining additional parties."). Anderson has not alleged that JCPS is jointly liable for any claims that she now brings against Standard. Her proposed claims against JCPS are separate employment claims so that the denial of her motion for leave to amend will work no undue hardship on her as she may pursue her claims against JCPS by way of a separate suit in state court. *See, United Property & Casualty*, 2015 WL 328223 at *5 (No prejudice resulted in denial of a motion to join a non-diverse party where the plaintiff could pursue a new lawsuit against the same party in state court). *See also, Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14-183-DCR, 2014 WL 4956282 at *4 (E.D.Ky. Oct. 2, 2014) (When a proposed defendant is to be joined merely as a means to defeat federal jurisdiction, the claimed prejudice to the plaintiff in filing a separate action in state court is substantially diminished).

Standard has a substantial interest in proceeding in federal court. The joinder of JCPS would not only divest Standard of that interest, but also would inordinately complicate the present action by raising unrelated legal issues unique to the status of JCPS, such as claims of governmental immunity and the timeliness of any claims against JCPS under KRS 44.110(1) and KRS 45A.260. Accordingly, for the reasons contained in section III of the prior memorandum opinion entered in *Graves* that denied that plaintiff's efforts to divest the Court of its subject matter jurisdiction by the joinder of a non-diverse party, the motion of the Plaintiff for leave to file a second amended complaint is **DENIED**. A separate order to that effect shall be entered.

## IV.

The Court shall **GRANT** Standard's motion for leave to file a surreply. The Court ordinarily does not look with favor upon such motions. The rules create no right in any party to essentially file a response to an opposing party's reply. Nevertheless, the Court has discretion to accept such additional briefing when it is in the interest of all concerned to thoroughly address new arguments first brought forth by way of reply. *See gen., Seay v. TVA,* 339 F.3d 454, 481 (6th cir. 2003). Here, Anderson in her reply addressed for the first time the provisions of §1447(e). Standard therefore was entitled to respond to such additional arguments given the unique circumstances related to the present motion. This portion of the memorandum opinion, however, is limited to such circumstances and is not intended to be relied upon by either party as a basis on which to routinely request leave in the future to file a surreply.

## V.

This portion of the memorandum opinion addresses the motion to bifurcate filed by Standard,[9] along with the related motion of Anderson for an extension of time in which to file her response.[10] We have considered two identical such motions in *Graves*. The same memorandum opinion that addressed Standard's motion to obtain the records of the KRS and Graves' motion for leave to file a second amended complaint, also discussed the merits of the identical motion to bifurcate and motion for extension of time now filed by Standard and Anderson, respectively. The reasoning contained in section II of the prior memorandum opinion in *Graves* applies here. Standard again seeks to bifurcate the trial of and to stay discovery on Anderson's claims of bad faith until such time as she establishes that she is entitled to recover on

---

[9] DN 41.
[10] DN 42.

her breach of contract claims arising under the same group disability insurance policy at issue in *Graves*. Standard therefore asks that bifurcation be granted and that discovery be stayed on counts B, D and E, the bad faith claims contained in the amended complaint, so that the breach of contract claim contained in count A may first be resolved.

The Court continues to conclude that bifurcation in the present action is appropriate for the same reasons previously offered in *Graves*. Anderson has sued Standard for its alleged breach of its contractual duty to pay her disability benefits. Before she may recover on her first party claims of bad faith against Standard, she first must show that the insurance company breached its contractual duty to pay her disability benefits under the terms of the group policy. If she cannot win this preliminary battle, Anderson's remaining bad faith claims will be subject to dismissal so that any time or effort expended on them will be wasted.

Bifurcation under Rule 42(b) is entirely within the sound discretion of the District Court. The Magistrate Judge discussed the controlling case law on this point at pp. 6-7 of his prior memorandum opinion in *Graves*. That case law is no less persuasive now. Lawsuits that involve insurance coverage disputes in which the plaintiff additionally raises claims of bad faith represent "the classic example of litigation that lends itself to bifurcation where the plaintiff must prevail initially upon her claim of breach of contract before any recovery is possible on the contingent bad faith claims." *See, Nationwide Mut. Ins. Co. v. Jahic,* No. 3:11-CV-00155, 2013 WL 98059 at *2 (W.D.Ky. Jan. 7, 2013). As explained in *TIG Ins. Co. v. Hosp. Corp. of Amer.*, No. 1:11-CV-00043-JHM, 2014 WL 3018863 at *8 (W.D.Ky. July 7, 2014), "bifurcation is so prevalent in this area because of the three elements that must be proven to prevail on a bad faith claim, one of which is that the insurer is obligated to pay the claim under the terms of the insurance policy." *Id*. Accordingly, the motion of Standard for bifurcation and stay of discovery

as to counts B, D and E of the amended complaint is **GRANTED** in all respects.  A separate order to that effect shall be entered.

The Court sees no advantage to delay of its ruling on this matter.  Anderson requests delay merely on the possibility that her efforts to defeat the subject matter jurisdiction of the Court by adding a non-diverse party in her second amended complaint may render the motion to bifurcate moot.  This proposition is questionable as Standard points out in its response.  The Court has already determined that Anderson should not be belatedly permitted to join the JCPS to assert potentially untimely and unrelated claims.  The denial of Anderson's motion for leave to file a second amended complaint puts to rest the basis for her motion for an extension of time.

Further, as the Court noted in its memorandum opinion in *Graves*, the efforts of Anderson to add a non-diverse party simply do not call into question the overwhelming case law that routinely grants such motions to bifurcate and to stay discovery of first-party bad faith claims in insurance litigation.  For these same reasons, the Court **DENIES** Anderson's motion for an extension of time in which to respond to the motion to bifurcate.  The motion shall be denied by separate order.  Appeal of this memorandum opinion is subject to the terms and time limitations of Rule 72(a) of the Federal Rules of Civil Procedure.

Cc:     Counsel of Record